# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30392

————————

Jessica Mackey,

*Plaintiff—Appellant*,

*versus*

American Multi-Cinema, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1350

———————————————————————

Before Richman, *Chief Judge*, Stewart, *Circuit Judge*, and Hanks, *District Judge*.[†]

Per Curiam:[*]

Jessica Mackey ("Mackey") appeals the district court's denial of her motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). For the following reasons, we AFFIRM.

———————————————

[†] United States District Judge for the Southern District of Texas, sitting by designation.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30392

## I.    FACTUAL & PROCEDURAL BACKGROUND

On May 4, 2019, Mackey, accompanied by her husband, walked towards the entrance of the American Multi-Cinema's ("AMC") West Bank Palace 16 movie theater in Harvey, Louisiana. Mackey tripped and fell face forward, after the tip of her sandal caught what she alleges to be "uneven concrete" in the sidewalk that she claims was caused by a faulty expansion joint. Although Mackey states that she tried to brace the fall with her hands, she alleges that she struck the sidewalk with her forehead and blacked out for a few minutes. According to Mackey, as a result of the fall, she suffered serious bodily injuries.

Mackey sued AMC alleging that it negligently failed to keep its premises reasonably safe or warn patrons about the faulty expansion joint. AMC moved for summary judgment. The district court granted AMC's motion, concluding that Mackey failed to create a genuine dispute of material fact as to whether the expansion joint was unreasonably dangerous.

On appeal, this court affirmed the district court's summary judgment in favor of AMC. *See Mackey v. Am. Multi-Cinema, Inc.*, No. 21-30687, 2022 WL 2070393 (5th Cir. June 8, 2022), *cert. denied*, 143 S. Ct. 1084 (2023). Mackey timely petitioned for panel rehearing and filed two additional letters under Federal Rule of Appellate Procedure 28(j) in support of her petition. This court denied rehearing.

Mackey timely filed a petition for writ of certiorari in the United States Supreme Court in which she made similar arguments to those she had raised on appeal before this court. Mackey's petition was scheduled for consideration at the Supreme Court's cert conference on March 31, 2023. Shortly after Mackey's case was calendared for conference, the Louisiana Supreme Court issued *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467 (La. 2023). In *Farrell*, the Louisiana Supreme Court addressed the application of Louisiana's risk-utility balancing test in the context of a motion for summary

2

judgment. *Farrell* held that whether a condition is "open and obvious" is something to be considered in the risk-utility balancing test or breach-of-duty analysis, rather than the existence of a duty analysis. *Farrell,* 359 So.3d at 478. The Louisiana Supreme Court clarified further that although "the breach of the duty element involves a mixed question of law and fact, summary judgment is not necessarily precluded." *Id.* Mackey then filed a supplemental brief with the United States Supreme Court, asserting that *Farrell* was applicable to the issue raised in her cert petition. Therein, she requested that the Court issue an order granting her petition for writ of certiorari, vacating the district court's judgment in light of the *Farrell* decision, and remanding the case to this court. The Supreme Court denied Mackey's petition.

Subsequently, Mackey filed a Rule 60(b)(6) motion for reconsideration with the district court. In her motion she argued that *Farrell*'s clarification that the "open and obvious" doctrine is properly analyzed under the breach-of-duty prong (as opposed to the duty prong) of the risk-utility test constituted an extraordinary circumstance that justified reopening this fully appealed and long-closed case. *Farrell*, 359 So.3d at 479–80. The district court denied Mackey's motion. She timely appealed the district court's denial of her motion to this court.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "the [district] court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While the rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time," there is no express deadline for a Rule 60(b)(6) motion. Fed. R. Civ. P. 60(c). We review a district court's decision on a Rule 60(b)(6) motion based on interpretation of state law for abuse of discretion. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 751 (5th Cir. 1995); *see also Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018). "A district

court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp.*, Inc., 396 F.3d 632, 638 (5th Cir. 2005).

## III. DISCUSSION

On appeal, Mackey argues that *Farrell* represents change of the relevant law governing her premises liability claim in the underlying proceedings thus necessitating the reopening of her suit against AMC. Likewise, she argues that the district court erred in denying her motion for relief from judgment pursuant to Rule 60(b)(6). We disagree.

At issue in Mackey's Rule 60(b) motion to reconsider is the relevancy of the *Farrell* decision as it pertains to the district court's summary judgment in favor of AMC. In *Farrell*, the Louisiana Supreme Court reasoned in pertinent part:

> Liability is determined utilizing a duty/risk analysis. Generally, there exists a duty to maintain one's property in a reasonably safe condition and to correct an unreasonably dangerous condition or to warn of its existence. The question of whether a condition is open and obvious and, thus, not unreasonably dangerous, is an issue of breach, not duty. To determine if there has been a breach of a duty owed, courts are to apply the risk/utility balancing test. The second factor of the risk/utility balancing test includes the likelihood and magnitude of harm, which includes the open and obvious nature of the condition. Summary judgment on the issue of an unreasonably dangerous condition is warranted upon a finding that no reasonable juror could have found that the defendant was in breach of the duty. If the defendant meets that burden of proof, and the plaintiff fails to establish that he or she will be able to establish the breach element at trial, summary judgment in favor of the defendant is mandated.

*Farrell*, 359 So.3d at 479–80 (internal citations removed).

Here, the district court denied Mackey's motion for reconsideration for two reasons: (1) *Farrell* was "not directly relevant to the resolution of AMC's motion and the ultimate dismissal of Mackey's case," and (2) the United States Supreme Court had already considered the merits of *Farrell*'s application to Mackey's case when it denied her petition for certiorari. To prevail on appeal, Mackey is required to demonstrate that *Farrell* changed the law upon which the district court relied in dismissing her premises liability claim against AMC. She fails to do so.

In its order granting AMC's motion for summary judgment, the district court concluded that Mackey "does not claim that her view of the expansion joint itself was obscured by the light drizzle or nonpressure-washed condition of the sidewalk at the time of the accident . . . and the great weight of Louisiana jurisprudence holds that the deviation at issue here does not present an unreasonable risk of harm under the four prongs of the risk-utility test." Similarly, we held in Mackey's first appeal that, under Louisiana's jurisprudence, pavement deviations of the height involved in Mackey's case did not present an unreasonable risk of harm. As we noted in that appeal, "all agree that the pavement height deviation was between ¾ to ⅞ of an inch, and Louisiana courts have repeatedly held that deviations of this height or higher do not present an unreasonable risk of harm." *Mackey v. Am. Multi-Cinema, Inc.*, No. 21-30687, 2022 WL 2070393 (5th Cir. June 8, 2022), *cert. denied*, 143 S. Ct. 1084 (2023). *Farrell* does not impact either this court's or the district court's conclusions because it did not change Louisiana law on pavement deviations. *Id.* Moreover, Mackey's argument that her cert petition was pending with the United States Supreme Court when *Farrell* was decided is of no consequence as we have now determined that *Farrell* has no effect on the district court's dismissal of her claims against AMC. Accordingly, Mackey has failed to demonstrate "extraordinary circumstances" warranting relief from judgment under Rule 60(b)(6). As the

No. 23-30392

district court noted, "[o]n March 23, 2023, Mackey filed a supplemental brief with the United States Supreme Court to inform it of the *Farrell* decision and request a 'GVR order'—that is, an order granting a writ of certiorari, vacating the judgment below in in light of the *Farrell* decision, and remanding the case to the Fifth Circuit for consideration in line with that decision. The Supreme Court, thus fully aware of the *Farrell* decision, denied Mackey's writ petition on April 3, 2023." Consequently, we hold that Mackey has failed to sufficiently allege any reversible error on behalf of the district court as to its order denying her motion for relief from judgment pursuant to Rule 60(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, the district court's denial of Mackey's Rule 60(b)(6) motion for reconsideration is AFFIRMED.

6